**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4590

VICTOR MANUEL LIRIANO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                               No. 99-4608

VINICIO TAVAREZ, a/k/a Isael Rivera
Roman,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Margaret B. Seymour, District Judge.
(CR-99-201)

Submitted: January 20, 2000

Decided: February 2, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leesa Washington, Assistant Federal Public Defender, Greenville,
South Carolina; Edward M. Sauvain, Greenville, South Carolina, for
Appellants. J. Rene Josey, United States Attorney, David C. Stephens,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor Manuel Liriano and Vinicio Tavarez each pled guilty to one
count of uttering counterfeit obligations of the United States, see 18
U.S.C. §§ 472, 2 (1994), and were sentenced to terms of sixteen
months and forty-six months imprisonment, respectively. They appeal
their sentences, raising the identical issue--that the district court erred
in adjusting their sentences by two levels upon finding that they used
a minor to commit the offense. See U.S. Sentencing Guidelines
Manual § 3B1.4 (1998). We affirm.

On February 10, 1999, Tavarez, Liriano, Sandra Diaz, and a
sixteen-year-old male were arrested after they passed counterfeit bills
at two stores in Gaffney, South Carolina. The juvenile was prosecuted
in state court. Tavarez, Liriano, and Diaz all entered guilty pleas to
the federal offense of uttering counterfeit obligations. Tavarez admit-
ted that he manufactured the counterfeit bills in New York a few days
before the arrest. He and Liriano acknowledged that the minor was
present in the store during the offense, but neither admitted giving
counterfeit bills to the minor or encouraging him to present the bills
to the store owner. At the sentencing hearing, both defendants argued
that there was no evidence they had acted affirmatively by "directing,
commanding, encouraging, intimidating, counseling, training, procur-

2

ing, recruiting, or soliciting" the minor's involvement. USSG § 3B1.4, comment. (n.1). Through counsel, they suggested that the juvenile might have volunteered to pass the bills without any attempt on either defendant's part to involve him. However, the district court found that, because Tavarez had manufactured the bills and the defendants had transported the minor to the stores where the counterfeit bills were passed, it was a reasonable inference that the defendants had given the bills to the minor. The court thus found that the adjustment was appropriate as relevant conduct for both defendants under USSG § 1B1.3(a)(1)(B) (defendant is responsible for acts of others in jointly undertaken criminal activity).

Tavarez and Liriano argue on appeal that the district court erred because the government presented no evidence to support a finding that they acted in any way to involve the minor. Because the district court's ruling turned on a factual finding, our review is for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We are unable to say that the district court clearly erred in concluding that the defendants acted in some way to involve the minor in the offense.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3